## Amazeen Machine Co. *v.* Knight *et al.*

(*Circuit Court, D. Massachusetts.* August 12, 1889.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
Where it appears, on a bill to restrain the infringement of a patent by making and selling duplicate parts of the patented machine, that defendants had been accustomed to make duplicate parts for plaintiff and its assignors, and to repair the patented machine for others, of which plaintiff was aware, a preliminary injunction should be denied.

In Equity. Motion for preliminary injunction.
*C. F. Perkins*, for complainant.
*T. W. Porter*, for defendants.

Colt, J. This is a motion for a preliminary injunction. The defendants are charged with infringing three patents, Nos. 200,682, 220,-906, and 273,931, issued to Christopher Amazeen, for improvements in leather-skiving machines. The defendants carry on a general machine-shop, and they repair Amazeen skiving-machines, and they are charged in this suit with having repaired or rebuilt a second-hand machine, and with having duplicate parts of these machines on hand for sale. It appears in evidence that for years a number of firms besides these defendants, in Boston and elsewhere, have dealt in various parts of the Amazeen machine. It appears by the affidavit of John Walker, of Boston, that he was formerly a member of the firm of Eddy, Sherman & Co., and became acquainted with Amazeen in 1879; that the firm then began making machines for Amazeen, and that they also made all the duplicate parts that were required to replace those worn out in old machines; and that they not only supplied Amazeen with all such parts as he required for his customers, but also sold such parts on their own account, with full knowledge of Amazeen himself, to their customers or to whoever called for them. Afterwards Amazeen sold out his patents to Dorr & Eaton, and they continued to buy duplicate parts of Eddy, Sherman & Co., and to send machines to them to be repaired, and they still continued to make it a regular part of their business to keep a stock on hand and sell generally duplicate parts of the machine. On their bill-heads was printed the fact that they made and dealt in the parts of the machine. Subsequently Dorr & Eaton sold the patents to the complainant, and its manager, Mr. Bailey, often sent machines to Walker, who was then doing business by himself, for repairs. Walker produces 19 letters from Bailey, ordering repairs of different machines, and he swears that Bailey knew that he was making and selling duplicate parts of the Amazeen machines. On the bill-heads which Walker rendered was a printed notice that he repaired these machines. I am aware that Bailey, the complainant's agent, denies any knowledge until shortly before this suit was brought that any party was selling to the public parts of the Amazeen machine. However this may be, it is clear from the evidence that numerous parties in Boston, from the time the Amazeen

machine came into general use, have openly and publicly furnished to their customers duplicate parts of the machine for the purposes of repair. What effect, if any, this may have upon the case at final hearing I do not decide; but I do not think, under these circumstances, the court should grant a preliminary injunction. The Amazeen patents are for improvements in skiving-machines. These machines are made up of various elements in combination. It cannot be denied that a good many of the working parts of the machine were replaced in the alleged infringing machine repaired by the defendants. Bearing in mind, however, the character of the Amazeen patents, I am not prepared to decide, upon the papers before me, whether, under the law governing this class of cases, the machine had so far lost its identity or had been so reconstructed that the defendants should be held as infringers. *Manufacturing Co.* v. *Foundry Co.*, 34 Fed. Rep. 393, and cases cited. Without expressing any opinion upon the merits of the case, which will properly come up at final hearing, I am of opinion, for the reasons given, that the complainant is not entitled to a preliminary injunction. Injunction denied.